## VOLUME 109.

### CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA.

AT TERM BEGINNING FIRST MONDAY OF NOVEMBER, 1902.

(33 South. 47.)

No. 14,351.

Succession of BOTHICK.

(Nov. 17, 1902.)

DISTRIBUTION OF ESTATE—PARTIES.

1. Owners of property in common should be made parties to a judgment looking to its partition.

2. A rule made absolute by judgment, which does not distribute funds among all the heirs, will be annulled, and the case remanded.

3. Although it may be that in the general distribution those heirs not made parties will not succeed in upholding any claim to any portion because of personal indebtedness, they should none the less be made parties, as they own at least a residuary interest in the funds to be distributed.

(Syllabus by the Court.)

Appeal from civil district court, parish of Orleans; Thomas C. W. Ellis, Judge.

In the matter of the succession of Thomas W. Bothick. From the judgment of distribution William H. Bothick and the widow of John Walters appeal. Reversed.

John T. Whitaker and Charles Louque, for appellants Wm. H. Bothick and Mrs. Widow

109 LA.—1

John Walters, née Bothick. Dart & Kernan, for appellees J. D. Bothick and others. Dinkelspiel & Hart, for appellee clerk of the civil district court. Benjamin Rice Forman, for appellee Mrs. Caroline Louise Hodding.

BREAUX, J. A number of questions have come up in the course of the attempts at settlement of the succession of Thomas W. Bothick. Appeals have been taken a number of times. Our learned brother, who became an honored and greatly useful member of the bench years ago, in a carefully prepared opinion says "that it was one of the cases on the docket of his court when he was promoted to the bench, and that it has there remained in one form or another since."

It early became evident to us, after the case had been called on appeal, that it would again have to be remanded, at least as relates to a rule which had been sued out by seven of the heirs. There are in all nine heirs, only seven of whom joined in the rule to compel the clerk of the civil district court to pay to them the funds, amounting to $672.90. The rule was made absolute.

Appellants, two of the heirs, who have the same right in the succession funds as their coheirs, and who were not made parties to the rule, urge that no partial distribution should be made of a particular fund. Here the distribution was not only partial, in so far as the record discloses, but the heirs not cited at all were ignored entirely in allotting the shares.

Unquestionably, all the heirs being equally interested, each should be made party to a rule to distribute a common fund. The amount belongs to all the heirs. A fractional portion cannot be distributed unless all are notified.

The judgment on the rule will therefore be reversed, in order that the rule may be heard contradictorily with all the parties concerned.

It is therefore ordered, adjudged, and decreed that the ' judgment rendered on the rule in matter of this succession is annulled, avoided, and reversed.

It is further ordered, adjudged, and decreed that the case be remanded to be proceeded with according to law.

Costs of appeal to be taxed to appellees.